UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL FROIO and MIKHAIL SURMAN, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>OCEAN SPRAY CRANBERRIES, INC.; and DOES 1 through 20,<br><br>               Defendant. | Case No.: 1:18-CV-12005 FDS |

**JOINT STATEMENT PURSUANT TO L.R. 16.1(d)**

Pursuant to Local Rule 16.1(d) of the Local Rules of this Court and the Notice of Scheduling Conference issued on December 21, 2018, plaintiffs Michael Froio and Mikhail Surman ("Plaintiffs") and Defendant Ocean Spray Cranberries, Inc. ("Defendant") submit the following Joint Statement.

**I.  CONCISE SUMMARY OF THE PARTIES' POSITIONS ON LIABILITY AND RELIEF SOUGHT**

**A.  Plaintiffs' Statement**

Ocean Spray sells a variety of juice products[1] (the "Products") with the representation that the Products contain "No High Fructose Corn Syrup, Artificial Colors or Flavors." The representation is prominently displayed on the label of each of the Products:

---

[1] The Products are (1) Ocean Spray 100% Apple Juice; (2) Ocean Spray Cran Cherry Flavor 100% Juice; (3) Ocean Spray Cranberry Juice Cocktail; (4) Ocean Spray Cran Pineapple; (5) Ocean Spray Cran Pomegranate; (6) Ocean Spray Diet Cran Pomegranate; (7) Ocean Spray Cran Grape; (8) Ocean Spray Cherry; (9) Ocean Spray Diet Cran Cherry; (10) Ocean Spray Wave Berry Medley; (11) Ocean Spray Cran Apple; and (12) Ocean Spray Wave Apple with White Cranberries.

1



Plaintiffs contend, however, that each of the Products contains artificial flavorings such as malic acid and fumaric acid that are used to simulate the fruit flavor.  Plaintiffs assert claims under New York General Business Law §§ 349 and 350, and Mass. Gen. Laws ch. 93A as well as claims for fraud, negligent misrepresentation, breach of express warranty and fraud.

A substantially similar case entitled *Hilsley v. Ocean Spray Cranberries, Inc., et al.*, Case No. 17-cv-2335-GPC (MDD) is pending in the United States District Court for the Southern District of California.  On November 29, 2018, the court in *Hilsley* certified a class of all California citizens who purchased the Products from January 1, 2011 until the date class notice is disseminated.  Dkt. No. 83.  Plaintiffs in this case seek certification of a 49-state class excluding the members of the certified California class.  The court in *Hilsley* also denied the defendants' motion for summary judgment on October 30, 2018.  Dkt. No. 76.

**B.**     **Defendant's Statement**

This case is, in reality, a copycat of the *Hilsley* action, mentioned above, that was first-filed in California.  As a putative 49 state class action, however, this matter faces significant procedural hurdles that were not present in *Hilsley*:  namely, (i) whether these two Plaintiffs have standing to represent consumers of the 47 other states where they are not citizens; (ii) whether the court has personal jurisdiction over the claims of absentee class members of the 47 other states; (iii) whether

either Massachusetts or New York law can apply to the purchases made in the 47 other states; and (iv) whether these two named Plaintiffs have standing to pursue claims based upon products they never purchased anywhere.  At this point, it is unknown where all the named Plaintiffs may have purchased any of the products, and so it was premature to raise issues like personal jurisdiction and choice of law by way of a Rule 12 motion, but once Plaintiffs have been deposed, these issues may be appropriate for disposition by motions for summary judgment.

II.     **PROPOSED PLAN FOR DISCOVERY, FILING OF MOTIONS AND OTHER PRETRIAL MATTERS**

The parties have agreed that Ocean Spray will produce the same discovery materials to Plaintiffs here that were produced in *Hilsley*, subject to the *Hilsley* Court's ruling on the scope of discoverable information.  Plaintiff may utilize the documents and deposition transcripts from *Hilsley* as though they were produced and taken in this case.  Plaintiffs expect that they will only need a few additional depositions and a limited amount of written discovery focused on the sales and marketing of the products in the 49 states other than California.  Ocean Spray will propound written discovery to the named plaintiffs, and will take their depositions at a mutually agreeable time within the District of Massachusetts.

The parties have agreed to the following schedule:

Fact Discovery Cutoff: May 1, 2019

Class Certification Motion:  May 31, 2109:

Class Certification Opposition:  July 1, 2019

Class Certification Reply:  July 29, 2019

The parties also agree that if a party relies upon an expert to support or oppose class certification, all such experts must be made available for deposition prior to the opposition or reply, as the case may be.

The parties also propose the following schedule for expert discovery and dispositive motions:

Initial Expert Reports:  90 days after entry of the Court's order on class certification.

Rebuttal Expert Reports:  60 days after service of opening expert reports.

Expert Discovery Cutoff:  30 days after Rebuttal Expert Reports

Dispositive Motion Cutoff:  60 days after Expert Discovery Cutoff

### III.    LOCAL RULE 16.1(E)

The parties submit that this case does not require "careful and deliberate monitoring in an individualized and case-specific manner" within the meaning of Local Rule 16.1(e).

### IV.    IDENTIFICATION OF ISSUES FOR POSSIBLE EARLY RESOLUTION

The parties have identified no such issues.

### V.    PROTECTIVE ORDER

The parties anticipate the production of certain information, documents and things which may be claimed to be or deemed to contain sensitive, confidential, trade secret and/or proprietary information.  Before any such production, the parties intend to file a stipulated protective order with the Court that will include procedures for filing documents under seal.

### VI.    CERTIFICATIONS

The parties will separately file the certifications required by Local Rule 16.1(d)(3) on or before the date of the initial scheduling conference.

### VII.    TRIAL BY MAGISTRATE JUDGE

The parties do not consent at this time to a trial by a magistrate judge.

Dated: January 7, 2019                        Respectfully submitted,

      /s/ David S. Godkin

**BIRNBAUM & GODKIN, LLP**
David S. Godkin
James E. Kruzer
280 Summer Street
Boston, MA 02210
Telephone:  (617) 307-6110
Fax : (617) 307-6100
Email: godkin@birnbaumgodkin.com
      kruzer@birnbaumgodkin.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Have Vice*)
Joel D. Smith (*Pro Hac Vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
      jsmith@bursor.com

**NATHAN & ASSOCIATES, APC**
Reuben D. Nathan (*Pro Hac Vice*)
600 W. Broadway, Suite 700
San Diego, California 92101
Telephone; (619)272-7014
Facsimile:  (619)330-1819
E-Mail: rnathan@nathanlawpractice.com

Counsel for Plaintiffs

Dated: January 7, 2019 Respectfully submitted,

   /s/ James P. Ponsetto

James P. Ponsetto (BBO # 556144)
Emily Bryan (BBO # 687935)
Greenberg Traurig, LLP
One International Place
Suite 2000
Boston, MA 02110
Tel: (617) 310-6000
Fax: (617) 310-6001
ponsettoj@gtlaw.com
bryane@gtlaw.com

Rick L. Shackelford, Esq.
Greenberg Traurig, LLP
1840 Century Park East
Suite 1900
Los Angeles CA 90067
Tel: (310) 586 7998
Fax: (310) 586 7800
• *Admitted Pro hac vice*

Counsel for Defendant